An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| RAFAEL MEDINA, JR. AND MELISSA M. MEDINA, TRUSTEES OF THE MEDINA FAMILY TRUST, A TRUST CREATED UNDER THE LAWS OF NEVADA; MEDINA FAMILY LIMITED PARTNERSHIP, A NEVADA LIMITED PARTNERSHIP; TIMOTHY K. BURNS AND SHEILA L. BURNS, TRUSTEES OF THE BURNS ASSET PROTECTION TRUST, A TRUST CREATED UNDER THE LAWS OF NEVADA; AND KEVIN A. KING AND RANDI L. KING, TRUSTEES OF THE KING ASSET PROTECTION TRUST, A TRUST CREATED UNDER THE LAWS OF NEVADA,<br>Appellants,<br>vs.<br>CML-NV LUMBER, LLC, A FLORIDA LIMITED LIABILITY COMPANY,<br>Respondent. | No. 62672 |
| RAFAEL MEDINA, JR. AND MELISSA M. MEDINA AS TRUSTEES OF THE MEDINA FAMILY TRUST,<br>Appellants,<br>vs.<br>CML-NV TWO, LLC, A FLORIDA LIMITED LIABILITY COMPANY,<br>Respondent. | No. 62673 |

**FILED**

JUN 20 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S.Young
DEPUTY CLERK

SUPREME COURT
OF
NEVADA

(O) 1947A

14-20350

## *ORDER OF AFFIRMANCE*

These are consolidated appeals from district court orders, certified as final under NRCP 54(b), in deficiency-related actions. Eighth Judicial District Court, Clark County; Susan Scann, Judge.

Silver State Bank loaned Mitchell Street, LLC and Design Place, LLC, certain sums of money. The companies secured the loans with parcels of real property and appellants, the Medinas, guaranteed repayment. Eventually, respondents CML-NV, Lumber, LLC, and CML-NV Two, LLC (collectively, CML-NV) acquired the rights to the loans and—after the borrowers' default—foreclosed on the properties. CML-NV sold the properties at two separate trustee's sales, but the properties were worth less than the amount owed under the loans' terms.

Subsequently, the Nevada Legislature passed Assembly Bill 273, which placed additional restrictions on the amount a court could award in a deficiency action where there has been a transfer of the right to obtain a deficiency judgment. The bill was codified as NRS 40.459(1)(c). *See* 2011 Nev. Stat., ch. 311, § 5, at 1743.

Thereafter, CML-NV filed deficiency actions against Mitchell, Design Place, and the Medinas. CML-NV also filed motions for partial summary judgment arguing that NRS 40.459(1)(c) did not apply to the deficiency actions. The district court granted the motions; the Medinas stipulated to deficiency judgments with CML-NV, which were certified as final under NRCP 54(b), and then filed the instant consolidated appeals challenging the district court's orders. Specifically, the Medinas challenge the district court's conclusion that NRS 40.459(1)(c) is not applicable in the underlying deficiency actions.

 

Whether or not a statute applies in a particular instance is a question of law that we review de novo. *Sandpointe Apartments, L.L.C., v. Eighth Judicial Dist. Court*, 129 Nev. ___, ___, 313 P.3d 849, 853 (2013).

We addressed this issue in *Sandpointe* and determined that a "right to a deficiency vests upon the sale pursuant to a judicial foreclosure or trustee's sale, and thus, applying NRS 40.459(1)(c) to deficiencies arising from sales" that occurred prior to the statute's effective date would result in an improper retroactive effect. *Id.* at ___, 313 P.3d at 856.

Here, CML-NV sold the properties at trustee's sales that took place prior to NRS 40.459(1)(c)'s effective date; thus, the district court correctly determined that the statute is inapplicable to the underlying matters. Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, C.J.
Gibbons

_____, J.         _____, J.
Pickering                   Hardesty

_____, J.         _____, J.
Parraguirre                 Douglas

_____, J.
Saitta

cc:     Hon. Susan Scann, District Judge
        The Schwartz Law Firm, Inc.
        Hutchison & Steffen, LLC
        Lionel Sawyer & Collins/Las Vegas
        Eighth District Court Clerk

 

CHERRY, J., dissenting:

I respectfully dissent from my colleagues in the majority and would reverse in accordance with my dissent in *Sandpointe Apartments, L.L.C. v. Eighth Judicial Dist. Court*, 129 Nev. ___, 313 P.3d 849 (2013).

_____Cherry_____, J.
Cherry

SUPREME COURT
OF
NEVADA

(O) 1947A